**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CoxCom, Inc.** | : | |
| **dba Cox Communications New England** | : | CA 05 192 ML |
| **Plaintiff** | : | Case No.: |
| **vs.** | : | |
| **Louis Ritacco** | : | |
| **Defendant** | : | |

**COMPLAINT FOR VIOLATIONS OF TITLE 47 U.S.C. § 553 AND FOR CONVERSION**

**NATURE OF ACTION**

1. Plaintiff CoxCom, Inc. dba Cox Communications New England (hereinafter "Cox") brings this Complaint to redress injuries that it has suffered as a result of Defendant, Louis Ritacco's (hereinafter the "Defendant")

a. Violations of 47 U.S.C.§ 553;

b. Conversion of Cox's property, its telecommunications signals.

2. Defendant's use of and/or distribution of seven (7) statutorily prohibited electronic devices that descramble and intercept Cox's cable television signals violates 47 U.S.C. § 553 and amounts to a conversion of the Plaintiff's property, its telecommunications signals.

**PARTIES**

3. Cox is a Delaware corporation, authorized to do business in the State of Rhode Island, and it maintains a business address at 1320 Eddie Dowling Highway, Lincoln, Rhode Island.

4. At all relevant times, upon information and belief, Defendant was and is an individual with his principal residence at 154 Beach St. Westerly, Rhode Island.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 47 U.S.C. § 553.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Rhode Island pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. Cox provides telecommunications services, including cable television services, to subscribers in the Westerly area pursuant to licenses from the Rhode Island Public Utility Commission.

8. In order to provide cable television services to its subscribers Cox pays fees to programmers. Cox then receives the programming from the programmers, mostly by way of interstate radio communications. Cox then transmits said programming over its system. The signals Cox transmits over its system are private communications not intended for public use.

9. Subscribers pay Cox based on the level of service they wish to receive.

10. In order to protect its signals and maintain the value of its services, Cox electronically encrypts or scrambles some of its signals so that they must first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver. Cox encrypts or scrambles signals for premium channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a separate monthly subscription fee, and pay-per-view events, such as a specific movie, concert or sporting event, for which subscribers pay a specific one time charge to view each event. Cox provides subscribers with electronic decoding equipment (hereinafter referred to as ("decoders") to decode these signals. Cox programs these decoders so that a subscriber may only view that level of service that the subscriber has purchased.

11. On information and belief, from on or about December 27, 1994 through on or about February 27, 1995 the Defendant purchased and received seven (7) certain black market descrambling devices.

12. The descrambling devices were capable of defeating Cox's encoding and scrambling technology.

13. On information and belief, the Defendant used at least one of the descrambling

devices to receive, without authorization, scrambled or encoded programming and services offered over Cox's system. By using the unauthorized descrambling device, the Defendant was able to view Cox's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

14. In the alternative and/or in addition thereto and also on information and belief, the Defendant assisted third parties in obtaining Cox's signals without authorization and without payment by distributing descrambling devices to third parties, with the intent that the third parties would use the descrambling devices in the unauthorized interception of Cox's signals and/or knowing or having reason to know that the descrambling devices were primarily of assistance in the unauthorized interception or reception of the Plaintiff's cable television programming.

15. Through the unauthorized interception of signals the Defendant and/or those who received descrambling devices from the Defendant were able to exercise dominion and control of Cox's property, the signals, programming and services offered over Cox's system.

## COUNT I
## (Violation 47 U.S.C. §553, Unauthorized Interception)

16. Cox alleges and incorporates by reference paragraphs 1 through 10.

17. Defendant's, receipt of scrambled or encoded programming and services offered over Cox's system was without Cox's authorization, and violated 47 U.S.C. § 553(a).

18. Cox is a person aggrieved by the Defendant's violation of 47 U.S.C. § 553 and is authorized to institute this action pursuant to 47 U.S.C. § 553(c)(1).

19. Cox's cable transmissions and signal include communications services offered over a cable system and are protected by 47 U.S.C. § 553.

20. Defendant knowingly and willfully intercepted Cox's signals without authorization in violation of 47 U.S.C. § 553 for his private financial gain.

21. Cox did not authorize or consent to Defendant's interception of its cable signals nor did Cox authorize or consent to the Defendant's utilization of the descrambling devices.

22. The Defendant's violations have injured Cox's ability to generate revenue by depriving Cox of payment for its programming.

**COUNT II**
**(Violation 47 U.S.C. § 553, Assisting)**

23. Cox alleges and incorporates by reference paragraphs 1 through 22 above.

24. The Defendant assisted third parties in the unauthorized interception or reception of the Plaintiff's cable television signals by distributing descrambling devices with the intention that they would be used for the unauthorized reception or interception of Plaintiff's cable television signals in violation of 47 U.S.C. § 553 (a).

25. Cox is a person aggrieved by the Defendant's violations of 47 U.S.C. § 553 and is authorized to bring this action pursuant to 47 U.S.C. § 553 (c)(1).

26. The Defendant distributed the descrambling devices to third parties willfully and for the purposes of commercial advantage or private financial gain in violation of 47 U.S.C. § 553.

27. Cox did not authorize or consent to the Defendant's distribution of the descrambling devices.

28. The Defendant's violations have injured Cox's ability to generate revenue by depriving Cox of payment for its programming.

**COUNT III**

**(Conversion)**

29. Cox realleges and incorporates by reference paragraphs 1 through 28.

30. The Defendant exercised dominion and control over the Plaintiff's property, its telecommunications signals, without authorization or legal right to do so.

31. The Defendant's conduct was willful, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its programming.

32. As a direct and proximate result of the Defendant's intentional, malicious, and wrongful conversion of the Plaintiff's signals, programming and services offered over Cox's system the Plaintiff has suffered monetary damages; accordingly, the Defendant is liable for all of the Plaintiff's damages.

**COUNT VI**
**(Conversion - In Concert With Others)**

33. Cox realleges and incorporates by reference paragraphs 1 through 32.

34. The Defendant, through the sale and/or distribution of descrambling devices acted in concert with the individuals who received descrambling device(s) to exercise dominion and control over the Plaintiff's property, without authorization or legal right to do so.

35. The Defendant's conduct was willful, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its signals and programming.

36. As a direct and proximate result of the Defendant's intentional, malicious, and wrongful conversion of the Plaintiff's cable television signals and programming, the Plaintiff has suffered monetary damages through the loss of income from all of the individuals who, along with the Defendant, are receiving said unauthorized services; accordingly, the Defendant is liable for all of the Plaintiff's damages.

WHEREFORE, Cox prays for Judgment against Defendant, Louis Ritacco, and requests that the Court grant it the following relief:

1. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversion.
2. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversion in concert with others;
3. Punitive damages
4. Statutory damages of $10,000.00 for each violation of 47 U.S.C. § 553(a) pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii) and/or Title 47 U.S.C. § 553(c)(3)(B), reserving the right to proceed, in the alternative, by proving actual damages;
5. Statutory damages of $10,000.00 for each violation of 47 U.S.C. § 553(a)(2), assisting and/or distribution, pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii) and/or Title 47 U.S.C. § 553(c)(3)(B), reserving the right to proceed, in the alternative, by proving actual damages;

6. An additional $50,000.00 of enhanced damages for each violation of 47 U.S.C. § 553(a)(2) due to the fact that the descrambling devices were willfully distributed and/or sold for the commercial advantage or private financial gain of the Defendant pursuant to 47 U.S.C. § 553(c)(3)(B);

7. Cox's attorney's fees and costs in prosecuting this lawsuit as provided for by Title 47 U.S.C. 553(c)(2)(C);

8. The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553 utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further use and/or distribution of electronic equipment designed for the unauthorized interception of signals in violation of provisions of Title 47."

9. Post judgment interest pursuant to 26 U.S.C. § 1961; and

10. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted for the Plaintiff,
CoxCom, Inc.
dba Cox Communications New England
By Its Attorney,

Francis S. Holbrook II (3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, RI 02840
Tel: (401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CoxCom, Inc.** | : | |
| **dba Cox Communications New England** | : | |
| **Plaintiff** | : | **Case No:** |
| **vs.** | : | |
| **Louis Ritacco** | : | |
| **Defendant** | : | |

**CORPORATION DISCLOSURE STATEMENT**

The corporate Plaintiff in the above referenced action, CoxCom, Inc. dba Cox Communications New England, maintaining a place of business at 1320 Eddie Dowling Highway, Lincoln, Rhode Island now makes this disclosure. CoxCom, Inc. is a Delaware corporation authorized to do business in the State of Rhode Island and is wholly owned by Cox Communications, Inc.

Respectfully Submitted for the Plaintiff,
CoxCom, Inc. dba
Cox Communications New England
Its Attorney

5/4/05

Francis S. Holbrook II (3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, RI 02840
Tel: (401) 847-7500